UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      v.<br><br>MANUEL HARA,<br><br>                              Defendant. | Case No. 2:04-cr-00220-KJD-PAL-2<br><br>**ORDER – Denying Motion for Sentence Reduction** |

   Presently before the Court is Defendant's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#179). The FPD's office filed a notice of non-eligibility. (#182). For the reasons stated below, Defendant's motion is denied.

I.    Factual and Procedural Background

   On December 9, 2005, a jury found Manuel Hara ("Hara" or "Defendant") guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1), attempted possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) and § 924(a)(2). On March 3, 2006, this Court sentenced Hara to three hundred and sixty (360) months imprisonment, followed by sixty (60) months of supervised release. (#129). Hara appealed his conviction on March 13, 2006 (#132), and the Ninth Circuit affirmed his conviction on June 21, 2007. (#155).

   Previously, Hara filed a motion for a sentence reduction, arguing that he was eligible for a reduced sentence under Amendment 782. (#166). The Court denied Hara's motion because his base offense level remained unchanged under the amended sentencing guidelines. (#170). Defendant now brings this second motion and argues that "'extraordinary and compelling reasons' support his release within the meaning of 18 U.S.C. 3582(c)(1)(A) because . . . changes to his statute of conviction mean that he would likely receive a shorter sentence if sentenced today." (#179, at 2).

II.     Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, allows certain inmates to seek a modification of their imposed term of imprisonment. Specifically, § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U. 3582(c)(1)(A), (c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must find "extraordinary and compelling reasons" warranting such a reduction and that such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. Id. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. See United States v. Wright, 46 F.4th 938, 951 (9th Cir. 2022) (explaining it is the "[defendant's] burden to establish his eligibility for compassionate release").

Under U.S.S.G. § 1B1.13(b), extraordinary and compelling reasons exist under any of the following circumstances or combination thereof: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). The Court begins by examining whether an extraordinary and compelling reason exists to warrant a reduction in

Hara's sentence.

III.     Analysis

Liberally construed, Defendant's motion attempts to argue that he received an unusually long sentence' thus, an extraordinary and compelling reason exists to warrant a reduction in sentence. (#179, at 2). Specifically, Hara argues that "changes to his statute of conviction mean that he would likely receive a shorter sentence if sentenced today." Id. The Court disagrees.

At the time of sentencing, Hara's calculated base offense level was 38 for possessing 8.771 kg of actual methamphetamine, with an additional two points added for possessing three firearms, resulting in a total offense level of 40. (PSR, at 8). With a criminal history score of nine, the guideline range of imprisonment was 360 months to life. Id. at 18. If sentenced today, Hara would still have a base offense level of 38 for possessing "4.5 KG or more of Methamphetamine (actual)." See U.S.S.G. § 2D1.1(a)(5), (c) (Nov. 2023); (PSR, at 8). When adding the two additional points for possessing three firearms, Hara's resulting total offense level would remain at 40. The only difference today is that under Part A of Amendment 821, Hara would receive one status point instead of two, thus lowering his total criminal history points to eight. However, even with eight criminal history points, Hara would still be placed in criminal history category IV. As such, Hara would still have a guideline range of 360 months to life, and there would be no gross sentencing disparity.

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#179) is **DENIED**.

Dated this 9th day of May 2024.

_____
Kent J. Dawson
United States District Judge